UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY JACOBSEN,

      Plaintiff,                                        Hon. Robert Holmes Bell

v.                                                      Case No. 1:14-cv-922

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **affirmed**.

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 54 years of age on his alleged disability onset date. (Tr. 166).  He earned a General Education Diploma (GED) and worked previously as a child monitor and sales associate. (Tr. 43, 69).  Plaintiff applied for benefits on October 19, 2011, alleging that he had been disabled since April 7, 2011, due to pain, spinal surgery, left arm injury, and COPD.  (Tr. 166-74, 210). Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (Tr. 86-165).  On June 20, 2013, Plaintiff appeared before ALJ Joy Turner with testimony being offered by Plaintiff and a vocational expert. (Tr. 36-82).  In a written decision dated July 23, 2013, the ALJ determined that Plaintiff was not disabled. (Tr. 20-29).  The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter.  (Tr. 6-12).  Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability.  *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1]  If the Commissioner can make a

---

[1]  1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

  2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from: (1) osteoarthritis; (2) spinal disorder; and (3) COPD, severe impairments that whether considered alone or in combination with other

---

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 23-24).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform work subject to the following limitations: (1) he can lift/carry 20 pounds occasionally and 10 pounds frequently; (2) during an 8-hour workday, he can stand for 6 hours and sit for 6 hours; (3) he can occasionally reach overhead and can frequently reach in all other directions with his upper extremities; (4) he can occasionally balance, stoop, crawl, and climb ramps/stairs, but can never climb ladders, ropes, or scaffolds; (5) he must avoid concentrated exposure to vibration and extreme heat/cold; (6) he must avoid even moderate exposure to fumes, odors, dusts, gases, and poor ventilation; and (7) he must avoid all exposure to heights and dangerous machinery. (Tr. 24).

A vocational expert testified that if limited to the extent reflected in the ALJ's RFC finding, Plaintiff would still be able to perform his past relevant work as a child monitor. (Tr. 67-71). The vocational expert further testified that there existed an additional 84,000 jobs in the state of Michigan which Plaintiff could perform consistent with his RFC. (Tr. 70-71). Based on the vocational expert's testimony, the ALJ determined that Plaintiff was not disabled because he retained the ability to perform his past relevant work. (Tr. 28-29). Accordingly, the ALJ concluded that Plaintiff was not entitled to disability benefits.

**I.          Plaintiff has Failed to Properly Develop Any Argument for Review**

Plaintiff, who is represented by counsel, submitted an initial brief in which the following claim is asserted: "is the ALJ's decision based on substantial evidence on the record as

a whole." (Dkt. #10). In support of this argument, Plaintiff first discusses at length the underlying medical record and then cites, in a brief section entitled "Law and Argument," various legal conclusions. Completely missing from Plaintiff's brief, however, is any articulation, either directly or implicitly, as to how the facts and findings in this matter apply to the cited authority or how such supports Plaintiff's request for relief. For example, while Plaintiff cites to the treating physician doctrine, he fails to advance any argument that the ALJ failed to properly evaluate the medical opinion evidence in this matter. In response to Plaintiff's initial brief, the Commissioner specifically argued that "Plaintiff's brief fails to present any developed argument for this Court to consider." (Dkt. #11). Defendant's argument is clearly articulated and supported by relevant legal authority. Plaintiff declined, however, to respond to Defendant's argument or otherwise clarify or further develop any potential argument in his initial brief.

It is well accepted that a claimant waives any argument that is not properly or sufficiently developed. *See, e.g., Martin v. Commissioner of Social Security*, 2014 WL 902756 at *6 (E.D. Mich., Mar. 7, 2014) (citation omitted) ("it is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones")' *Medina-Velazquez v. Hernandez-Gregorat*, 767 F.3d 103, 109 n.6 (1st Cir. 2014) (appellees waived "any argument" which is "not developed); *Porzillo v. Department of Health and Human Services*, 369 Fed. Appx. 123, 132 (Fed. Cir., Mar. 12, 2010) (same). While the Court is reluctant to find that a claimant has failed to properly develop any argument in support of relief, Plaintiff has simply failed to present or develop any argument or theory which would entitle him to relief. Moreover, when afforded an opportunity to clarify or develop an argument or claim of relief, Plaintiff declined opting instead to rely on his deficient initial brief. The undersigned recommends, therefore, that Plaintiff has failed

to present or develop any argument or theory in support of the present appeal. Accordingly, the undersigned recommends that the Commissioner's decision be affirmed.

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be **affirmed**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See Smith v. Commissioner of Social Security*, 1999 WL 1336109 at *2 (6th Cir., Dec. 20, 1999); *Leal v. Commissioner of Social Security*, 2015 WL 731311 at *2 (N.D. Ohio, Feb. 19, 2015); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: September 9, 2015                     /s/ Ellen S. Carmody
                                            ELLEN S. CARMODY
                                            United States Magistrate Judge